UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JONATHAN CALK,<br>Individually and on behalf of<br>all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>NINE ENERGY SERVICE, LLC<br><br>Defendants. | § § § § § § § § § § § § | Civil Action No. 2:24-cv-293<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

### DECLARATION OF MACKENZIE CROMBIE NEWBY

I, Mackenzie Crombie Newby, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following statements are true and correct based on my personal knowledge of the facts and business records referenced herein:

1. I am a person of sound mind who is more than 18 years of age and capable of making this Declaration.

2. I am the Manager of Human Resources of Nine Energy Service, LLC ("Nine Energy").

3. Nine Energy's corporate headquarters is located in Houston, Texas.

4. In my position, I am familiar with the records of regularly conducted activity of Nine Energy with respect to personnel matters.

5. I have personally reviewed the employment-related records of Jonathan Calk, a former employee of Nine Energy, made at or near the time of the events recorded in such records by, or from information transmitted by, persons with knowledge of those events.



1

6. It is the practice of Nine Energy to make and keep such records in the course of its regularly conducted business activity.

7. On May 2, 2022, Mr. Calk signed a Confidentiality and Dispute Resolution Agreement ("Agreement") with Nine Energy, which was signed by an authorized representative of Nine Energy.

8. The Agreement is part of the employment-related records for Mr. Calk that I reviewed and that Nine Energy makes and keeps in the course of its regularly conducted business activities.

9. A true and correct copy of the Agreement signed by Mr. Calk is attached hereto as Exhibit 1.

Dated: May 23, 2024

Mackenzie Crombie Newby

*Rev 9/24/18*

# CONFIDENTIALITY AND DISPUTE RESOLUTION AGREEMENT

This Confidentiality and Dispute Resolution Agreement ("Agreement") is made between Nine Energy Service, LLC ("Nine"), and  Jonathan Calk , an individual employee or applicant for employment of Nine or another entity within the definition of Company as set forth herein ("Employee") (Nine and Employee are collectively referred to as "Parties" or individually as a "Party").

## I. Definitions.

A. "Company" means Nine, its parent company Nine Energy Service, Inc., and each of their respective current or future direct or indirect subsidiaries or other affiliates and each of their respective partners, members, equity holders or joint ventures, any individual or entity who may be deemed a "co-employer" or "joint employer" of Employee, any individual or entity alleged to have joint and/or several liability concerning any Dispute, and all of their respective directors, managers, officers, employees, and agents, every plan of benefits, whether or not tax-exempt, established or maintained by any such entity, the fiduciaries, agents and employees of all such plans, and the successors and assigns of all such plans and persons.

B. "Confidential Information" means any and all confidential or proprietary information and materials, as well as all trade secrets, whether patentable or not, belonging to Nine Energy Service, Inc. or any of its direct or indirect subsidiaries. Confidential Information includes: (1) business information and materials, including information about the provision of services, equipment, tools, and other products offered by the Company, and related design and execution; pricing models; market and business analyses; investments or investment opportunities; growth plans; acquisition prospects; strategy; finances; business plans, methods and processes; business proposals, operations, products or services; evaluations; contract terms and conditions; pricing and bidding methodologies and data; sales data; customer information; supplier and vendor information; credit information; financial data; purchasing, pricing, bidding, selling and marketing data and contracts; (ii) technical information and materials, including computer programs; software; databases; methods; know-how; formulae; compositions; technological data; technological prototypes, processes, discoveries, inventions, ideas, concepts, surveys, improvements and designs; developmental or experimental work; training programs and procedures; diagrams, charts, products and services (including product development, product specifications and technical specifications); (iii) information and materials relating to future plans including marketing strategies and techniques; intellectual property; projects and proposals; acquisition and financing plans; strategic alliances; production processes; and research and development efforts; and (iv) any other information that gives the Company an advantage with respect to its competitors by virtue of not being known by those competitors. Confidential Information may be in physical or electronic form, and includes all documents, videotapes, presentations, brochures, drawings, memoranda, notes, records, files, correspondence, manuals, models, specifications, computer programs, electronic mail, voice mail, electronic databases, maps, drawings, architectural renditions, models and all other writings or materials of any type embodying any Confidential Information or the Company's ideas, concepts, improvements, discoveries, inventions and other similar forms of expression (collectively, "Work Product"). For the purpose of this Agreement, all references to Confidential Information include Work Product. Confidential Information shall not include any information that (i) is or becomes generally

Page 1     **EXHIBIT 1**     Employee Initials ____

*Rev 9/24/18*

available to the public other than as a result of a disclosure or wrongful act of Employee or any of Employee's agents; (ii) was available to Employee on a non-confidential basis before its disclosure by the Company; or (iii) becomes available to Employee on a non-confidential basis from a source other than the Company; *provided that* such source is not bound by a confidentiality agreement with, or other obligation with respect to confidentiality to, a member of the Company.

C. "Dispute" means all legal and equitable claims, demands, disputes, controversies, issues, and disagreements, of whatever nature or kind, whether in contract, tort, under statute or regulation, or any other law or source of legal obligation, including those relating to, concerning, or arising out of this Agreement; the application for employment and employment of Employee; wages or other compensation received by or owed to Employee, including minimum wage and overtime pay; employee benefits; any matters concerning Employee's relationship with Nine or any entity within the definition of Company; any matters concerning Employee's working conditions, including allegations of discrimination, harassment, and retaliation; any personal injury or fatality allegedly incurred in any way relating to the workplace or Employee's employment; any prior resolution of settlement of a Dispute; and all others arising out of Employee's employment or application for employment with Nine or any other entity within the definition of Company, including any past, present, and future employment, and including those relating to the denial, separation, terms, conditions, and benefits of such employment, *except* for those matters described in Section III.F. in this Agreement, which are excluded from the definition of "Dispute."

## II. Treatment of Confidential Information.

A. During the course of employment with Nine or any other entity within the definition of Company, and the performance of Employee's duties on behalf of thereof, it is expected that Employee may be given or have access to Confidential Information. Employee agrees to preserve and protect the confidentiality of all Confidential Information. Employee agrees that Employee will not, at any time during or after Employee's employment with the Company, make any unauthorized disclosure of, and Employee shall not remove from the Company premises or other authorized premises, Confidential Information, or make any use thereof, except, in each case, in the carrying out of Employee's responsibilities as an employee of the Company. As a result of Employee's employment by Nine or any other entity within the definition of Company, Employee may also from time to time have access to or knowledge of Confidential Information of third parties such as customers, suppliers, partners, and the like, of the Company. Employee also agrees to preserve and protect the confidentiality of such third party Confidential Information.

B. Employee agrees that all Confidential Information, whether now or hereafter existing) conceived, discovered or made by Employee during Employee's employment by Nine or any other entity within the definition of the Company solely and exclusively belongs to the Company (and not to Employee), and, upon request by the Company, Employee will promptly perform all actions reasonably required by the Company to establish and confirm such exclusive ownership. Upon Employee's separation from employment, and at the request of the Company at any time, Employee agrees to deliver to the Company all documents, files (including all electronically stored information) and other materials containing or constituting Confidential Information, including all copies thereof, that Employee may possess or control.

*Rev 9/24/18*

  C. Nothing in this Agreement or in any other company policy or agreement will prevent Employee from: (1) making a good faith report of possible violations of applicable law to any governmental agency or entity; or (2) making disclosures that are protected under the whistleblower provisions of applicable law. Further, an individual shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret or other Confidential Information that: (A) is made (i) in confidence to a federal, state or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. An individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual (x) files any document containing the trade secret under seal; and (y) does not otherwise disclose the trade secret, except pursuant to court order. Employee shall have no obligation hereunder to keep confidential any Confidential Information if and to the extent disclosure is specifically required by applicable law or disclosure is legally compelled; provided, however, that in the event disclosure is required by applicable law or compelled by legal order or process, Employee shall, to the extent legally permissible, provide the Company with prompt notice of such requirement prior to making any such disclosure, so that the Company may seek an appropriate protective order.

**III.** **Dispute Resolution.**

  A. The Parties agree to submit any and all Disputes exclusively to final and binding arbitration. To the extent they do not conflict with this Agreement, the then-existing Employment Arbitration Rules ("Rules") of the American Arbitration Association ("AAA"), shall apply. Any arbitration conducted under this Section III shall be heard by a single arbitrator. Arbitration shall be commenced by either Party filing a demand for arbitration with the AAA and giving written notice of such demand to the other party as provided herein. Except as expressly provided herein, or in the Rules, this Agreement does not restrict or expand substantive rights and remedies available under applicable law. The arbitrator shall apply the state or federal substantive law that would be applied by a United States District Court sitting at the place of the proceeding. The Parties acknowledge and agree that this Agreement and Employee's employment relationship with the Company affect and involve interstate commerce, and that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

  B. Each Dispute shall be arbitrated on an individual basis. The Parties forego and waive any right to join or consolidate their Disputes or claims with those of any other employee, applicant for employment, or other person, or to assert any Disputes or claims in arbitration as a representative or as a member of a class or in a private attorney general or similar capacity, unless such procedures are agreed to in writing by all Parties. Neither Party may pursue any Dispute or claim on a class action, collective action, or consolidated basis or in a representative capacity on behalf of other individuals, or participate as a class or collective action member in such a proceeding. The arbitrator in any proceeding under this Agreement shall not have any authority to interpret this Agreement to permit a consolidated, class, collective, or representative action or to conduct the matter as a consolidated, class, collective, or representative action. The Parties waive any right to a jury trial and to pursue or participate in class or collective actions with respect to

*Rev 9/24/18*

Disputes that are subject of this Agreement and for which a jury trial, class action, and collective action would otherwise be available.

  C. All arbitrations shall be convened as near as possible to the worksite where the events in dispute occurred if the Company continues to perform work at that location. Otherwise the arbitration will occur at the place most convenient for the majority of the witnesses but in no case shall the hearing be held in a venue that would not be permissible under applicable law absent the consent of the Parties.

  D. Each party in an arbitration proceeding shall be responsible for the attorney's fees and other costs and expenses incurred by such party in connection therewith, except to the extent allowed by law and awarded by the arbitrator. Employee shall pay a filing fee of $150, unless prohibited by applicable law. The Company shall pay all other costs associated with the arbitration itself, including the administrative costs of the AAA and the fees and expenses of the arbitrator. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and may take any form permitted by the Federal Rules of Civil Procedure. The arbitrator shall have the same discretion to control discovery as would a court.

  E. The Parties agree that the decision of the arbitrator shall be final and binding on both Parties. Any court having jurisdiction may enter a judgment upon the award rendered by the arbitrator.

  F. Notwithstanding anything to the contrary herein, including the definition of Dispute, this Section III and the Parties' agreement to arbitrate does not apply to claims for workers' compensation benefits, unemployment compensation benefits, any claim that relates to a Company employee benefit plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act ("ERISA") (except to the extent such claim is based on an alleged violation of section 510 of ERISA), or any other claim that is not arbitrable under federal law or other applicable law that is not superseded or preempted by the FAA or other federal law. Further, notwithstanding the provisions of this Section III, either the Company or the Employee may make an application in any court of competent jurisdiction for injunctive relief to enforce the obligations under Section II, the Employee's obligations with respect to the confidentiality and protection of trade secrets and other non-public information belonging to the Company, or with respect to any non-competition, non-solicitation, or any other restrictive covenant provisions in any separate agreement between the Company and the Employee.

  G. This Agreement does not prohibit and is not intended to discourage Employee from filing a complaint or charge regarding a Dispute with any federal, state, or local governmental agency, including the Equal Employment Opportunity Commission, the Department of Labor, and the National Labor Relations Board. Participation in any administrative proceeding by the Company shall not affect the Parties' agreement and obligation to arbitrate such Dispute pursuant to this Section III during or upon termination of the administrative proceedings.

  H. No Employee shall be subject to any form of discipline or retaliation with respect to terms and conditions of employment for initiating or participating in good faith in any arbitration proceeding under this Section III.

Page 4      Employee Initials ____

*Rev 9/24/18*

I.    Section III applies to and binds Nine, Employee, and the heirs, beneficiaries and assigns of any such person. The program inures to the benefit of, and is intended to be for the benefit of all persons and entities within the definition of "Company", as well as their respective clients, customers, contractors and vendors, who are intended third-party beneficiaries of Section III and who shall have the right to enforce Section III of the Agreement. This Agreement does not modify any "at-will" employment relationship between Employee and Nine or create any right for Employee to be employed by Nine or any other entity within the definition of "Company" for any particular period of time.

J.    By entering into this Agreement and the arbitration provisions of this Section III, THE PARTIES EXPRESSLY ACKNOWLEDGE AND AGREE THAT THEY ARE KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVING THEIR RIGHTS TO A JURY TRIAL.

### IV.   Miscellaneous.

A.    All notices hereunder must be in writing and shall be deemed to have been given upon receipt of delivery by (a) personal delivery, (b) certified or registered mail, postage prepaid, return receipt requested, (c) a nationally recognized overnight courier service with confirmation of receipt, or (d) facsimile transmission with confirmation of receipt, as follows:

If to Employee:

*Jonathan Calle*
*1214 Marigold Ln*
*Longview, TX 75604*

If to Company:
    Attn: General Counsel
    2001 Kirby Drive, Suite 200
    Houston, TX 77019

or to such other address as any Party may have furnished to the others in writing in accordance herewith, except that notices of change of address shall be effective only upon actual receipt.

B.    Unless the context requires otherwise, all references herein to an agreement, instrument or other document shall be deemed to refer to such agreement, instrument or other document as amended, supplemented, modified and restated from time to time to the extent permitted by the provisions thereof. The use herein of the word "including" following any general statement, term or matter shall not be construed to limit such statement, term or matter to the specific items or matters set forth immediately following such word or to similar items or matters, whether or not non-limiting language (such as "without limitation", "but not limited to", or words of similar import) is used with reference thereto, but rather shall be deemed to refer to all other items or matters that could reasonably fall within the broadest possible scope of such general statement, term or matter. Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved against any party hereto, whether under any rule of construction or

Page 5        Employee Initials _JC_

*Rev 9/24/18*

otherwise, but shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of the Parties hereto.

  C. This Agreement may be not modified, waived or discharged unless such waiver, modification, or discharge is agreed to in writing signed by Employee and the President and CEO of Nine. No waiver by either Party hereto at any time of any breach by the other Party hereto of, or compliance with, any condition or provision of this Agreement to be performed by such other Party shall be deemed a waiver of similar or dissimilar provisions or conditions at the same or at any prior or subsequent time. No agreements or representations, oral or otherwise express or implied, with respect to the subject matter hereof have been made by either Party that are not set forth expressly in this Agreement.

  D. This Agreement sets forth the entire agreement of the Parties hereto with respect to the subject matter herein, in particular the Parties' agreement regarding the protection of Confidential Information and the procedural mechanism for the final resolution of Disputes, and supersedes all prior understandings, agreements, clauses, provisions, representations, or promises, whether oral or written, of the Parties to the extent they relate to or concern the subject matter herein.

  E. If an arbitrator or court of competent jurisdiction determines that any provision of this Agreement (or portion thereof) is invalid or unenforceable, then the invalidity or unenforceability of that provision (or portion thereof) shall not affect the validity or enforceability of any other provision of this Agreement, and all other provisions shall remain in full force and effect; *except* that if an arbitrator or court of competent jurisdiction determines that Section III.B is invalid or unenforceable and certifies or conditionally certifies a class action or collective action, then the Parties agree that Section III (but only Section III) shall not apply to that class action or collective action only, unless and until a court (i) reverses the arbitrator's determination that Section III.B is invalid or unenforceable, or (ii) decertifies such class or collective action, if such decertification occurs.

  F. This Agreement, and the Parties' obligations as set forth in it, survives the termination, for any reason, of the employment relationship between Employee and Nine or any entity within the definition of the Company.

  G. This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

Employee Initials ___

*Rev 9/24/18*

**NINE ENERGY SERVICE, LLC:**

By: _Sean Barnes_

Name: _Sean Barnes_

Title: _VP, Business Solutions_

Date: _06/15/20_

**EMPLOYEE:**

Signature: _____

Print Name: _Jonathan Calk_

Date: _5-2-22_